IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff,

        Vs.                                    No.  08-40027-01/02-SAC

JOE ANTHONY MARTINO,
AARON LAYTHE HARTWELL,
a/k/a Laythe Aaron Hartwell,
a/k/a Lathe Hantof,

                    Defendants.


MEMORANDUM AND ORDER

        The case comes before the court on the following motions: the

defendant Joe Anthony Martino's objections to continuance and request for

speedy disposition (Dk. 18); the defendant's Aaron Laythe Hartwell's

motion for extension of time to file motions (Dk. 19), motion to continue jury

trial (Dk. 20), and the defendant Martino's objections to Hartwell's

continuance request and request for speedy disposition (Dk. 21); and the

defendant Martino's motion to dismiss indictment for violation of the

Speedy Trial Act (Dk. 22).  There is pending now a motion to sever filed by

the defendant Martino, but that motion is not yet ripe.  The court has set

down the motion to sever for hearing in anticipation that many of the issues

summarily raised in this proceeding can be more fully developed and addressed at that time.

**PROCEEDINGS and PENDING MOTIONS**

The original indictment was filed March 27, 2008, charging the defendants Martino and Hartwell on two counts:  possession with intent to distribute marijuana and forfeiture of proceeds in a money judgment and of currency or substitute assets.  Rule five hearings for both defendants occurred on March 28, 2008, and the magistrate judge subsequently ordered the defendant Martino's detention pending trial.  The defendant Hartwell filed both a motion for extension of time to file motions (Dk. 14) and a motion to continue jury trial (Dk. 15) on April 15, 2008, which the court granted on April 25, 2008, (Dk. 16).  The defendant Martino filed a belated objection to this court order arguing that he did not join the co-defendant Hartwell's motions, that he is detained and demands a speedy trial, and that the court's findings on necessity and justification are insufficient.  (Dk. 18).

On June 2, 2008, the defendant Hartwell again filed a motion for extension of time to file motions (Dk. 19) and a motion to continue jury trial (Dk. 20).  Hartwell explains that his counsel "does not yet have

2

discovery in the case and has not had time to evaluate possible motions"
and that there are ongoing discussions with the government for a resolution
before trial. *Id.* Hartwell asserts that the continuance would not prejudice
the parties and meets the ends of justice exception in 18 U.S.C. § 3161(h).
Hartwell asks for an additional sixty days. The defendant Martino objects
that he has not yet received discovery either but that efforts to resolve the
case have been fruitless because the government is contemplating a
superseding indictment. (Dk. 21). The defendant Martino complains that
he remains incarcerated and that the reasons in Hartwell's motion are
insufficient to deny him the speedy trial which he demands.

On June 10, 2008, the defendant Martino filed a motion to
dismiss indictment asserting a violation of the Speedy Trial Act in that the
70-day period expired on June 6, 2008. (Dk. 22). The defendant argues
that co-defendant Hartwell's reasons for requesting continuances and the
court's findings thereon are insufficient under the Act and, therefore,
inapplicable to him. Because the government did not produce discovery by
the March 31 deadline set in the scheduling order, the defendant Martino
assumes there is no discovery and, thus, no reason for the continuance.
Finally, the defendant challenges the court's continuance order as having

3

granted a *pro forma* request without showing it made the requisite findings in support of an ends-of-justice exclusion, 18 U.S.C. § 3161(h)(8)(A).  The defendant argues his interest in a speedy trial because of his pretrial detention must weigh strongly in favor of the court applying the 70-day limitation here.  Based upon this alleged violation, the defendant asks the court to dismiss the indictment with prejudice and to order his immediate release from custody.

A superseding indictment was returned the day after the defendant's motion to dismiss.  (Dk. 23).  As the government states, the indictment adds two defendants and one count to the charges of the original indictment.  The government has filed its response opposing the defendant's motion to dismiss.  (Dk. 25).  On June 23, 2008, the defendant filed its reply and a motion to sever the trial of the defendant.  (Dk. 26).  On July 2, 2008, the defendant appeared on the superseding indictment, new dates were given for motions and trial, and the defendant remained in pretrial detention.  These new dates moot the defendant Hartwell's motion for extension of time (Dk. 20) and the defendant's objection thereto (Dk. 21).

**GOVERNING LAW**

4

As designed and written, the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.*, serves two important interests:  protecting a criminal defendant's constitutional right to a speedy trial and serving the public interest in prompt criminal proceedings.  *United States Thompson*,  524 F.3d 1126, 1131 (10th Cir. 2008).  "The Act generally requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later."  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007) (citing 18 U.S.C. § 3161(c)(1)).  Because "criminal cases vary widely and . . . there are valid reasons for greater delay in particular cases," the Act offers "flexibility" by including "a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."  *Zedner v. United States*, 547 U.S. 489, 497 (2006).  For purposes of this case, the relevant exclusions are: delay resulting from any proceeding, 18 U.S.C. § 3161(h)(1)(A); the reasonable delay attributable to a codefendant's proceedings, 18 U.S.C. §  3161(h)(7); the delay attributable to pretrial motions, 18 U.S.C. §  3161(h)(1)(F);  and the delay attributable to a continuance granted upon an "ends of justice" finding, 18 U.S.C. § 3161(h)(8).

Codefendant's Proceedings

The Act generally treats excludable delays "attributable to one defendant . . . [as] applicable to all co-defendants." *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 925 (10th Cir. 1989), *cert. denied*, 493 U.S. 1043 (1990).  Section 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The Tenth Circuit has discussed this exclusion in these terms:

> "The obvious purpose behind the exclusion [in § 3161(h)(7) ] is to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986).  The legislative history of the Act demonstrates that "in the application of the 'reasonableness' standard under section 3161(h)(7), judicial efficiency in the trial of multiple defendants is to be preferred to an inflexible adherence to the letter of the Speedy Trial Act." *Mobile Materials*, 871 F.2d at 916 (discussing legislative history); *see also United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir.1982) ("[Congress] felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time.").
> The question in examining an exclusion under § 3161(h)(7) is whether the delay attributable to the codefendant is "reasonable." [*United States v.*] *Olivo*, 69 F.3d [1057] at 1061 [(10th Cir. 1995)].  In making this determination, a court must examine "all relevant circumstances." *Theron*, 782 F.2d at 1514; *see also United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir.1990).  The Tenth Circuit has provided three factors to guide courts in examining the relevant circumstances:  (1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3)

6

whether the circumstances further the purpose behind the exclusion to "accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial."  *Olivo*, 69 F.3d at 1061-62; *see also Tranakos*, 911 F.2d at 1426.  We have given the following guidance to courts analyzing the third factor: "Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred."  *Tranakos*, 911 F.2d at 1426; *see also Olivo*, 69 F.3d at 1061.  This inquiry into the "reasonableness" of the delay attributed to proceedings regarding a codefendant is heavily factual. *Mobile Materials*, 871 F.2d at 916.

*United States v. Vogl*, 374 F.3d 976, 983-984 (10th Cir. 2004).  The

question here to consider is whether the delay occasioned by codefendant

Hartwell's continuance motions is "reasonable" under (h)(7).  As the above

factors reflect, the reasonableness of a delay is a function of the relevant

circumstances.  *United States v. Tranakos*, 911 F.2d at 1426.

Other than citing *Theron* and pointing out that the interests of a

detained codefendant are weighed strongly, the defendant's motion fails to

identify and address all of the relevant factors.  The defendant's cursory

arguments in this regard fall short of his burden of proving the delay was

unreasonable.  *United States v. Lightfoot*, 483 F.3d 876, 887 (8th Cir.),

*cert. denied*, 128 S. Ct. 682 (2007).  For purposes of this motion, the court

will discuss the factors briefly.

That the defendant is not on bond is an important factor which

7

the court "must weigh strongly in favor of applying the seventy-day limitation of the Act." *United States v. Theron*, 782 F.2d at 1513.  For the most part, the defendant has advocated his right to a speedy trial by objecting to the codefendant's motions for continuances,[1] asserting his right to a speedy trial, and filing a motion to dismiss on speedy trial grounds.  Because the indictment jointly charges the defendants with a single count of possession of marijuana with the intent to distribute, it appears the trial in this case would entail a single factual history, a single body of evidence, and a single group of witnesses.  The preference for a joint trial under these circumstances necessarily justifies some reasonable delay attributable to obtaining and reviewing discovery and researching and preparing motions.  Absent something of record to the contrary, the court has no reason to question the presumed diligence of the government or any party during discovery.  The defendants' arguments on the balance of these factors and on the limited record do not persuade the court that Hartwell's requests for continuances result in unreasonable delay.  The court expects the parties will be prepared to address these factors at the hearing on the defendant's motion to sever.

---

[1]As previously noted, the defendant's first objection was untimely.

8

## Pretrial Motions

The Act excludes any delay "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(F). "Excludable time for pretrial motions includes all of the days during which the court is waiting to receive information necessary to decide a pending pretrial motion."  *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007).  Section 3161(h)(1)(J) clarifies (F) by excluding periods of "delay reasonably attributable to any period not exceeding thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  *United States v. Williams*, 511 F.3d at 1048. Thus, if the motion is one that requires a hearing, then the time from the filing of the motion until the conclusion of the hearing is excludable, but if the motion does not require a hearing, then the time needed for its prompt disposition is excludable but only for that period not exceeding thirty days after the motion was taken under advisement.  *Id.*

## Ends of Justice

"Much of the Act's flexibility is furnished by § 3161(h)(8), which governs ends-of-justice continuances . . . ."  *Zedner v. United States*, 547

9

U.S. at 498.  This provision excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A). In making this determination, the court is to consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B).  After weighing these factors, the court must set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance

outweigh the best interests of the public and the defendant in a speedy

trial" for the delay to be excludable.  18 U.S.C. § 3161(h)(8)(A).  Thus,

"[t]his provision gives the district court discretion--within limits and subject

to specific procedures--to accommodate limited delays for case-specific

needs."  *Zedner*, 547 U.S. at 499.  While its consideration of the factors

and findings must be contemporaneous with granting the continuance, the

court may delay in entering its finding on the record.  *United States v. Hill*,

197 F.3d 436, 441 (10th Cir. 1999).  "[T]he Act implies that those findings

must be put on the record by the time a district court rules on a defendant's

motion to dismiss under § 3162(a)(2)."  *Zedner*, 547 U.S. at 507.

         The defendant summarily objects to the sufficiency of the

court's findings in support of its ends-of-justice continuance order of April

25, 2008, (Dk. 16).  The court expressly found that the continuance was

justified by the movant's need for additional time "to adequately prepare"

and for the other reasons stated in the motion.  The defendant's motion

states that discovery had not been provided and that counsel needed time

to consider possible motions.  (Dk. 14).  There was no issue raised over

the government's due diligence in producing discovery.  The court's order

further "finds that the period of delay resulting from the continuance

11

granted pursuant to this Order shall be excludable time as provided for in

18 U.S.C. § 3161(h)(8) in that the ends of justice served by the granting of

such for the reasons stated in the motion continuance outweigh the best

interest of the public and the defendants in a speedy trial."  (Dk. 16, pp. 1-

2).  These findings and reasons suffice for a continuance under (h)(8).

Enforcement

The remedy provided for a violation of the Act is dismissal of

the indictment.  18 U.S.C. § 3162(a)(2).   "However, the statute is not

self-executing."  *United States v. Gomez*, 67 F.3d 1515, 1519 (10th Cir.

1995), *cert. denied*, 516 U.S. 1060 (1996).  The Act places on the

defendant the burden to move for dismissal and to prove the motion.  18

U.S.C. § 3162(a)(2).   The defendant bears the burden of proof on his

motion to dismiss for a violation under the Act.  *United States v. Pasquale*,

25 F.3d 948, 951 (10th Cir. 1994).  "Failure of the defendant to move for

dismissal prior to trial or entry of a plea of guilty or nolo contendere shall

constitute a waiver of the right to dismissal under this section." 18 U.S.C. §

3162(a)(2).

**APPLICATION OF ACT**

After the filing of the original indictment, the defendant made

12

his first appearance on March 28, 2008, which starts the speedy trial clock on the next day. The detention hearing held on April 3, 2008, is an excludable day. The codefendant Hartwell filed pretrial motions on April 15, 2008, seeking an extension of filing dates and a continuance of the trial. "[A]ll time between the filing of a motion and the conclusion of the hearing on that motion" are excluded pursuant to 18 U.S.C. § 3161(h)(1)(F)." *Henderson v. United States*, 476 U.S. 321, 330 (1986).  "If a motion is one that does not require a hearing, the Act excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under advisement."   *United States v. Williams*, 511 F.3d at 1048 (citations omitted).  As of April 15, the court calculates 16 includable days:  March 29-31, April 1- 2, 4-14.

On April 25, 2008, the court entered an order on Hartwell's motions granting the requested extension and continuance and finding "that the period of delay resulting from the continuance granted pursuant to this Order shall be excludable time as provided for in 18 U.S.C. § 3161(h)(8) in that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendants in a speedy trial." (Dk. 16, pp. 1-2).  An ends-of-justice continuance of the

13

trial date excludes all delay attributable to the continuance-from the former trial date (hearing date) to the new trial date (hearing date).  *See United States v. Apperson*, 441 F.3d 1162 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1003 (2007).  Because the motions hearing date was continued from May 7, 2008, to June 19, 2008, and the trial was continued from May 21, 2008, to July 23, 2008, the clock resumed on April 26, 2008.  *See United States v. Williams*, 511 F.3d at 1051 n.5.

Only five days ticked off, and the defendant then filed an objection (Dk. 18) on May 1, 2008, to the court's order of April 25.  In his objection, the defendant argues the court's findings are insufficient to justify a continuance applicable to him.  The defendant affirmatively requests the court to rescind its order insofar as it applies to him.  Though the defendant chooses to label his filing as a mere objection, it qualifies as a pretrial motion under § 3161(h)(1)(F), since it seeks affirmative relief and does not merely memorialize arguments already raised and addressed.  *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998); *see, e.g., United States v. Andress*, 943 F.2d 622, 625 (6th Cir. 1991) (objection to order is an excludable pretrial motion), *cert. denied*, 502 U.S. 1103 (1992).  "[T]he pendency of a pretrial motion need not cause actual delay of the trial to be

14

excluded under the Act." *United States v. Williams*, 511 F.3d at 1050
(citation omitted). The thirty-day period on this motion lapsed on May 31,
2008.

Only one day ticked off, and the clock was again stopped by
the co-defendant Hartwell's motions for extension of time and to continue
jury trial filed on June 2, 2008. (Dks. 19 and 20). During the pendency of
those motions, the defendant filed a motion to dismiss the indictment on
June 10, 2008. (Dk. 22). The clock remains stopped during the pendency
of these motions, and only 22 days ran off the clock as of June 10, 2008.
The government notes that a superseding indictment has been filed, but it's
unnecessary to consider the effect of the event, as the defendant's motion
to dismiss is without merit on the arguments presented. In this order, the
court purposely avoided addressing circumstances that have occurred after
the defendant's motion, as it is the defendant's burden to move for
dismissal and prove the grounds for such relief. This ruling is confined to
the arguments and issues first raised in the defendant's motion.

IT IS THEREFORE ORDERED that the defendant Joe Anthony
Martino's objections to continuance and request for speedy disposition (Dk.
18) and his motion to dismiss indictment for violation of the Speedy Trial

Act (Dk. 22) are denied;

IT IS FURTHER ORDERED that the defendant's Aaron Laythe Hartwell's motion for extension of time to file motions (Dk. 19), motion to continue jury trial (Dk. 20), and the defendant Martino's objections to Hartwell's continuance request and request for speedy disposition (Dk. 21) are denied as moot in light of the deadlines and dates set after the filing of the superseding indictment.

Dated this 8th day of July, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

16