IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                      No.  08-40027-01/02-SAC

JOE ANTHONY MARTINO,
AARON LAYTHE HARTWELL,
a/k/a Laythe Aaron Hartwell,
a/k/a Lathe Hantof,

          Defendants.

MEMORANDUM AND ORDER

In its prior order filed July 8, 2009, the court overruled the defendant Joe Martino's objections to the order granting the defendant Aaron Hartwell's continuance requests, and it also denied the defendant Martino's motion to dismiss for violation of the Speedy Trial Act.  (Dk. 39). In that order, the court also referred to the defendant Martino's pending motion to sever as not yet ripe but scheduled for a hearing.  On July 15, 2008, the court heard the parties' arguments on this pending motion to sever.  (Dk. 26).  After hearing the parties' positions, the court ruled from the bench denying the defendant's motion to sever without prejudice and indicating an order would be filed to memorialize its ruling.  The court files

this order to reflect that ruling.

In his motion to sever, Martino asks the court to grant him a separate trial on two grounds: (1) the co-defendant Hartwell has made a confession which would be inadmissible against Martino under *Bruton v. United States*, 391 U.S. 293 (1968), and (2) the co-defendant Hartwell is on released on a bond and has not pursued his right to a speedy trial to the prejudice of Martino who is in custody and desires a speedy trial. The government opposes the request arguing a severance is unnecessary on *Bruton* grounds. The government represents that Hartwell's confession may not even be introduced at trial because it is "entirely possible" and "foreseeable" that Hartwell's confession would not be needed at the trial. (Dk. 36, p. 2). The government alternatively contends the defendant has not shown appropriate redactions from co-defendant Hartwell's confession would not cure the argued *Bruton* problems. Finally, the government affirms it will not introduce Hartwell's statements to law enforcement officers for the purpose of incriminating the defendant.

As for the speedy trial ground, the government counters with several points. The government considers this case unusual in that the arrest preceded and sparked the investigation so that discovery was not

available until the investigation had reached a certain stage of completion and the officers' reports were written. While the investigation is still ongoing, the government notes the agents' reports of the defendant's arrest are finished and have been furnished to defense counsel. The government also has agreed to arrange for Hartwell's statements to be disclosed soon to the defendant. At the hearing, the government announced that its cooperation with the defendant Hartwell has ended and that it no longer has reason to treat Hartwell and Martino differently. Thus, the government will no longer be agreeing to additional requests for continuances from the defendant Hartwell that are based on his cooperation with the government. Finally, the government forecasts that delay in this case possibly will continue, as the defendant has continued to engage in criminal conduct which may be the subject of superseding indictments.

Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to charge two or more defendants in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." Rule 14, however, permits relief from prejudicial joinder as follows:

> If the joinder of offenses and defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The United States Supreme Court has advised that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," and that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In deciding a motion to sever, the court weighs the prejudice to a particular defendant caused by the joinder against the important considerations of economy and expedition in judicial interests." *United States v. Mabry*, 809 F.2d 671, 681 (10th Cir.), *cert. denied*, 484 U.S. 874 (1987), and *overruled on other grounds, Mathews v. United States*, 485 U.S. 58 (1988). Severance is a matter of discretion, not of right, and the defendant bears a heavy burden of demonstrating prejudice to her case. *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir.1992), cert. denied, 507 U.S. 985 (1993). "Courts generally adhere to the principle that those indicted together, especially co-conspirators, should be tried together."

*United States v. Peveto*, 881 F.2d 844, 857 n. 16 (10th Cir.), *cert. denied*, 493 U.S. 943 (1989) (quotation and citation omitted).  The sealed superseding indictment adds a conspiracy count against Martino, Hartwell and two newly-named defendants.

At this time, Martino cannot demonstrate that a joint trial will cause him specific and compelling prejudice.  The judicial interests of economy and efficiency remain vitally important concerns met by a joint trial.  Those past circumstances contributing to the delays about which Martino complains have changed with the government's announcement of its current position on continuances.  The defendant cannot avoid partial blame for some of the delays, and should his ongoing criminal conduct become the subject of more charges, he may be the cause of additional delays in the future.  Now that the government has provided discovery and has announced its intention to oppose further continuance requests from Hartwell, it is foreseeable the proceedings will go forward as scheduled.  The court notes the defendant Martino filed after the severance hearing a motion to continue the trial date for thirty days, and his motion was granted.  Under all these circumstances, the court denies the defendant Martino's motion to sever without prejudice to his renewal of this request in the event

of additional delays caused by co-defendants that unduly compromise and prejudice his right to a speedy trial.

IT IS THEREFORE ORDERED that the defendant Martino's motion to sever (Dk. 26) is denied without prejudice.

IT IS FURTHER ORDERED that the clerk of the court shall file this order under seal.

Dated this 25th day of July, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge